**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 00-6974**

────────────

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

    versus

MATTHEW DAVIS,

                        Defendant - Appellant.

────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Russell A. Eliason, Magistrate Judge. (CR-95-284-6-1, CA-99-842-1)

────────────

Submitted:  September 8, 2000    Decided:  September 18, 2000

────────────

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

────────────

Dismissed by unpublished per curiam opinion.

────────────

Matthew Davis, Appellant Pro Se.  Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Matthew Davis seeks to appeal the magistrate judge's order denying his motions to subpoena witnesses, proceed in forma pauperis, and conduct discovery, and striking his motion to show good cause and facts in support of a claim for fraud.[*] We dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders, see 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders. See 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.

We therefore deny a certificate of appealability, deny leave to proceed in forma pauperis, deny Davis' motion to review the issues presented, and dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] We note that, contrary to Davis' claim in his informal brief, the magistrate judge had jurisdiction to rule on these motions without the parties' consent. See 28 U.S.C. § 636(b) (1994).